UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KETYA BAXTER,<br><br>               Plaintiff,<br><br>       -against-<br><br>HF MANAGEMENT SERVICES, LLC and JOHN STAVLAS,<br><br>               Defendants. | 24-cv-05762 (JPC) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT IN WHOLE OR IN PART**

*Of Counsel:*
  Andrew P. Marks, Esq.
  David S. Warner, Esq.

**DORF NELSON & ZAUDERER LLP**
555 Theodore Fremd Avenue
Rye, New York 10580
(914) 381-7600
amarks@dorflaw.com
dwarner@dorflaw.com

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT
and STATEMENT OF FACTS ................................................................................................1

STANDARD OF REVIEW ........................................................................................................3

LEGAL ANALYSIS....................................................................................................................4

    I.    The Court Should Dismiss The Retaliation Claims
(Third Cause Of Action) Because They Are Implausible
From The Facts Alleged......................................................................................4

        A.  The Amended Complaint Does Not Plausibly Plead That
Plaintiff's FMLA Was A Negative Factor In Any
Employment Action..................................................................................4

        B.  The Amended Complaint Does Not Plausibly Establish
That Plaintiff Complained Of Disability Discrimination..............................6

    II.    The Court Should Dismiss Plaintiff's Second Cause Of
Action For Race Discrimination Because Plaintiff Does
Not Identify Her Race, Nor Does She Plead Facts
Raising An Inference That She Was Treated Unfairly
Because Of Her Race ...........................................................................................7

    III.    The Court Should Dismiss Plaintiff's Claim Of Disability
Discrimination (First Cause Of Action) And Retaliation
For Complaining About Disability Discrimination (Third
Cause Of Action) Because The Complaint Does Not
Plausibly Allege That Plaintiff Was Disabled, That She
Complained About Disability Discrimination, That She
Requested An Accommodation For A Disability, Or That
She Suffered An Adverse Action Because Of A
Disability ..............................................................................................................11

    IV.    Plaintiff's Claims Under The NYCHRL Should Be
Dismissed Because She Does Not Allege That She
Worked In New York City During The Relevant Period ...................................14

CONCLUSION...........................................................................................................14

# **TABLE OF AUTHORITIES**

**Cases**

*Alexander v. Bd. of Educ.*,
   107 F. Supp. 3d 323 (S.D.N.Y. 2015) ............................................................................. 6

*Brunache v. MV Transp. Inc.*,
   151 A.D.3d 1011 (2d Dep't 2017) .................................................................................. 6

*Buon v. Spindler*,
   65 F.4th 64 (2d Cir. 2023) ............................................................................................... 7

*Carrillo v. Illinois Bell Tel. Co.*,
   538 F. Supp. 793 (N.D. Ill. 1982) .................................................................................... 9

*Catano v. VR District Ltd. Partnership*,
   2020 WL 13827613 (M.D. Fla. July 24, 2020) ............................................................... 8

*Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*,
   140 S. Ct. 1009, 1015 (2020) .......................................................................................... 9

*Desiderio v. Hudson Tech., Inc.*,
   2023 WL 185497 (S.D.N.Y. Jan. 13, 2023) .................................................................... 5

*Forrest v. Jewish Guild for the Blind*,
   3 N.Y.3d 295 (N.Y. 2004) ............................................................................................... 6

*Gates v. City of New York,*
   2021 WL 3774189 (S.D.N.Y. Aug. 25, 2021) ............................................................ 4, 9

*Graham v. Long Island R.R.*,
   230 F.3d 34 (2d Cir. 2000) .............................................................................................. 9

*Graziadio v. Culinary Inst. of Am.*,
   817 F.3d 415 (2d Cir. 2016) ........................................................................................... 4

*Hoffman v. Parade Pub.*,
   15 N.Y.3d 285 (2010) ................................................................................................... 14

*Jackson v. New York State Dep't of Labor*,
   709 F. Supp. 2d 218 (S.D.N.Y. 2010) ............................................................................. 8

*Johnson v. L'Oreal USA*,
   2023 WL 2637456 (2d Cir. Mar. 27, 2023) .................................................................. 11

*Kitchen v. Phipps Houses Grp. of Cos.*,
   380 Fed. App'x 99 (2d Cir. 2010) ................................................................................. 12

*Kostic v. United Parcel Service, Inc.*,
   532 F. Supp. 3d 513 (M. D. Tenn. 2021) ........................................................................ 8

*Littlejohn v. City of New York,*
   795 F.3d 297 (2d Cir. 2015) ........................................................................................... 9

*Mamatkulov v. City University*,
   2022 WL 2392433 (S.D.N.Y. July 1, 2022) ................................................................. 11

*Medina v. AAM 15 Management LLC*,
  2024 WL 4307816 (S.D.N.Y. Sept. 26, 2024) ................................................................. 6

*Murray v. Brag Sales Inc.*,
  2024 WL 4635479 (S.D.N.Y. Oct. 31, 2024) ................................................................. 14

*Patel v. NYU Langone Hosp.*,
  2021 WL 4852426 (2d Cir. Oct. 19, 2021) ................................................................... 11

*Ray v. Weit*,
  2015 WL 1299198 (E.D.N.Y. Mar. 20, 2015) ............................................................... 12

*Rojas v. Roman Catholic Diocese of Rochester*,
  660 F.3d 98 (2d Cir. 2011) ............................................................................................. 6

*Sanders v. Grenadier Realty Inc.*,
  367 F. App'x 173 (2d Cir. 2010) .................................................................................. 10

*Smith v. Bronx Comm. College Assoc.*,
  367 F. App'x 173 (S.D.N.Y Feb. 23, 2017) ................................................................... 4

*Smith v. J.P. Morgan Chase Bank, N.A.*,
  2022 WL 3587550 (S.D.N.Y. Aug. 22, 2022) ................................................................ 8

*Soto v. Marist College*,
  2019 WL 2371713 (S.D.N.Y. June 5, 2019) ................................................................ 10

*Stanley v. City Univ. of New York*,
  2023 WL 2714181 (S.D.N.Y. Mar. 30, 2023) ........................................................ 7, 13

*Stanley v. Phelon*,
  2024 WL 1453872 (2d Cir. Apr. 4, 2024) .............................................................. 5, 13

*Sutter v. Dibello,*
  2019 WL 4195303 (E.D.N.Y. Aug. 12, 2019) ............................................................. 10

*Sutter v. Dibello,*
  2019 WL 4193431 (E.D.N.Y. Sept. 4, 2019) ............................................................... 10

*Vega v. Hempstead Union Free Sch. Dist.*,
  801 F.3d 72 (2d Cir. 2015) ............................................................................................. 4

*Verne v. New York City Dep't of Educ.*,
  2022 WL 4626533 (S.D. N.Y. Sept. 30, 2022) .............................................................. 3

*Williams v. Plaza Rehab. and Nursing Ctr.*,
  2023 WL 11892331 (S.D.N.Y. Dec. 18, 2023) ............................................................. 8

Defendants HF Management Services, LLC ("Healthfirst") and John Stavlas submit this memorandum of law in support of their motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss, in whole or in part, the Amended Complaint ("Am. Cplt.") filed on behalf of Ketya Baxter ("Plaintiff" or "Baxter").[1]

## PRELIMINARY STATEMENT and STATEMENT OF FACTS

This is a kitchen sink complaint premised on the flimsiest allegations. Plaintiff identifies as "a non-white, non-Hispanic minority of Brazilian descent" (Am. Cplt. ¶ 10) "diagnosed with Bipolar Disorder, Depression, Generalized Anxiety Disorder and ADHD" (Am. Cplt. ¶ 1) who took a two-month leave under the Family and Medical Act ("FMLA") (Am. Cplt. ¶¶ 50, 53). Stripped of its hyperbole[2], irrelevancy[3] and speculation,[4] the factual allegations of the Amended Complaint are largely conclusory as reflected below:

- Healthfirst's "demanding, non-stop schedule of assignments" made it difficult for Plaintiff to take vacation or other time off. (Am. Cplt. ¶ 19)

- When Plaintiff did manage to take vacations, management retaliated by assigning her additional projects upon her return (Am. Cplt. ¶ 20) and criticizing her for what went wrong in her absence. (Am. Cplt. ¶ 21)

---

[1] Defendant John Stavlas, who was plaintiff's supervisor at the time of her separation, is a resident of the State of Florida. He has not been served with the Summons and Complaint and preserves all defenses based on lack of personal jurisdiction.

[2] For example, Plaintiff alleges that "HealthFirst … requires its employees to put their *health last*" (Am. Cplt. ¶ 1); plaintiff "was terrified to miss work" (Am. Cplt. ¶ 46); that plaintiff "was terrified that Defendant Stavlas was deliberately *underworking* her" (Am. Cplt. ¶ 54); and that "Plaintiff was terrified of the threatening atmosphere created by Defendant Stavlas and suffered near debilitating anxiety." (Am. Cplt. ¶ 64)

[3] For example, Plaintiff alleges that "most higher-level positions at Defendant HealthFirst were held by white employees, while lower-level positions were largely held by non-white staff." (Am. Cplt. ¶ 17))

[4] For example, Plaintiff alleges that "Upon information and belief, Defendant Stavlas deliberately ignored Plaintiff, outraged that she, a person of color, had dared to take PTO." (Am. Cplt. ¶ 29)

1

- As a result of management's "negative response to her taking time off … plaintiff began to feel very anxious at work and around management and her mental health declined." (Am. Cplt. ¶ 22)

- Plaintiff scheduled PTO in July 2022 (Am. Cplt. ¶ 27)

- Upon her return to work, Plaintiff's new manager, Defendant Stavlas, overloaded her with projects with demanding deadlines, and was dismissive and hands-off. (Am. Cplt. ¶ 30)

- In August 2022, Plaintiff asked to reduce her hours because her health was suffering due to being overworked. Stavlas said there was nothing he could do. (Am. Cplt. ¶¶ 36-37)

- At the end of October 2022, Plaintiff took a FMLA leave. (Am. Cplt. ¶ 50)

- During Plaintiff's FMLA leave, Healthfirst added three white temporary employees to the team and assigned to them much of Plaintiff's work. (Am. Cplt. ¶ 56)

- Shortly after returning from FMLA leave, Plaintiff presented to Human Resources request that she "not be forced to work outside of the regular business hours of 9 to 5." (Am. Cplt. ¶ 59)

- Upon Plaintiff's return from FMLA leave, Stavlas "gave her only 10 of the simplest projects as opposed to the 80 she previously handled" (Am. Cplt. ¶ 54) and did not welcome her back or ask how she was. (Am. Cplt. ¶ 53).

- In her 2022 performance review Stavlas criticized Plaintiff but gave her a merit-based increase to her compensation. (Am. Cplt. ¶¶ 61, 65)

- On March 31, 2023, Stavlas advised Plaintiff and her two non-white co-workers that their jobs were being eliminated and their work would be condensed into one new Marketing Operations Specialist position to which they were welcome to apply. (Am. Cplt. ¶ 66)

- Healthfirst rejected two of their applications, including that of Plaintiff's. (Am. Cplt. ¶ 67)

- Healthfirst replaced Plaintiff and two other minority employees with the white individuals. (Am. Cplt. ¶ 68)

From these factual allegations, Baxter lumps together a variety of claims under a variety of laws. In the First Count, she claims that she was harassed and/or discriminated against because of her alleged disabilities in violation of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights

2

Law ("NYCHRL").  In her Second Count, Plaintiff claims that she was discharged in violation of Section 1981, Title VII, NYSHRL and NYCHRL due to her race and ethnicity.  The Third Count of the Amended Complaint claims that Plaintiff was retaliated against for complaining about disability discrimination in violation of the ADA, the NYSHRL and the NYCHRL and/or for taking leave protected by the Family and Medical Leave Act ("FMLA") (Third Count).   The Fourth Count of the Amended Complaint seeks to impose individual liability on John Stavlas under the NYSHRL and/or the NYCHRL for aiding and abetting disability, race and ethnicity discrimination, hostile work environment and retaliation.

As shown below, Baxter's FMLA, ADA, Title VII and Section 1981 claims should be dismissed because the complaint does not plead non-conclusory facts from which it reasonably may be inferred that her termination from employment (or any other adverse employment action) occurred under circumstances giving rise to an inference of discrimination based on any one or all of her maladies, her use of FMLA leave or her unidentified race.  Plaintiff's NYCHRL claims should be dismissed because the complaint does not allege that Plaintiff worked within New York City (rather, she worked remotely from her home in Poughkeepsie, New York at all material times).

Finally, Plaintiff's claim of ethnicity discrimination in violation of Title VII and NYSHRL should be dismissed because the amended complaint contains no factual allegations from which it may be inferred that her Brazilian descent played any factor whatsoever in the actions of which she complains.

## STANDARD OF REVIEW

This court succinctly stated in *Verne v. New York City Dep't of Educ*., 2022 WL 4626533, at *4 (S.D. N.Y. Sept. 30, 2022)(JPC):

3

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. A complaint's factual allegations must be enough to raise a right to relief above the speculative level. Although the Court must accept as true the factual allegations in the complaint and draw all inferences in the plaintiff's favor, it need not accept as true legal conclusions couched as factual allegations.

(Citation cleaned up; internal citations omitted). In discrimination cases, an employee is not required to plead a prima facie case, but must allege facts that directly show unlawful discrimination or facts that indirectly show unlawful discrimination by giving rise to a plausible inference of discrimination. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). An employee's subjective belief that they were discriminated against is not sufficient to state a claim. *Gates v. City of New York,* 2021 WL 3774189, at *6 (S.D.N.Y. Aug. 25, 2021)(JPC); *accord, Smith v. Bronx Comm. College Assoc.*, 2017 WL 727546, at *2 (S.D.N.Y. Feb. 23, 2017)("a plaintiff's subjective belief that she was the victim of discrimination, no matter how strongly felt, is insufficient to satisfy the burden to plead facts that could plausibly support an inference of discrimination.").

## LEGAL ANALYSIS

**I.      The Court Should Dismiss The Retaliation Claims (Third Cause Of Action) Because They Are Implausible From The Facts Alleged**

**A. The Amended Complaint Does Not Plausibly Plead That Plaintiff's FMLA Leave Was A Negative Factor In Any Employment Action.**

To state a prima facie claim of FMLA retaliation, a plaintiff must allege among other things, that she exercised rights protected under the FMLA and suffered an adverse employment action under circumstances that suggest retaliatory intent. *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 429 (2d Cir. 2016). A plaintiff need not meet a "but-for" causation standard, but

4

must allege facts that show the FMLA leave was at least a motivating factor in an adverse employment action. *Stanley v. Phelon*, 2024 WL 1453872, at *2 (2d Cir. Apr. 4, 2024)

The Amended Complaint contains no factual allegations plausibly implying that her FMLA leave in November and December 2022, was negative factor in any employment action. According to Plaintiff, long before she took an FMLA it was Defendant's standard operating procedure to assign additional projects to employees upon their return from vacation or any paid time off. (Am. Cplt. ¶ 20). Yet when Plaintiff returned to work from her FMLA leave, she was not overburdened with additional assignments, but instead was given "10 of the simplest projects as opposed to the 80 she previously handled." (Am. Cplt. ¶ 54), which is exactly what she requested (Am. Cplt. ¶¶ 53, 59 (Upon returning from FMLA leave, Plaintiff asked Human Resources "not be forced to work outside of the regular business hours of 9 to 5"). Furthermore, Plaintiff explains that when she asked her Team Lead what Stavlas was not assigning work to her since her return from leave, the Team Lead responded "maybe … Stavlas didn't want to push her too hard." (Am. Cplt. ¶ 54).[5]

Nor does the Amended Compliant plausibly plead that the elimination of Plaintiff's position at the end of March 2023 was connected in any way to her prior FMLA leave. The jobs of her two co-workers were also eliminated, but there is no allegation that her co-workers had taken FMLA leave (Am. Cplt. ¶ 66), and the passage of almost three months between her FMLA leave and the job elimination is too long to create an inference of a retaliatory nexus base on temporal proximity. *Desiderio v. Hudson Tech., Inc.*, 2023 WL 185497, at *5 (S.D.N.Y. Jan. 13, 2023)(dismissing FMLA claim because passage of three between the exercise of FMLA rights and the termination "was not particularly short" and did not raise an inference of retaliation); *see*

---

[5] Plaintiff's "observation" that when she returned from her FMLA leave, Stavlas "was more hostile and dismissive toward her than ever" (Am. Cplt. ¶ 53) is a conclusion that not only is unsupported, but actually contradicted by the allegations and cannot plausibly support an inference of retaliation.

5

*also, Alexander v. Bd. of Educ.*, 107 F. Supp. 3d 323, 329 (S.D.N.Y. 2015)(the passage of more than two months after FMLA leaved has been viewed as beyond any retaliatory nexus).

As there are no facts connecting Plaintiff's FMLA leave to any adverse employment action, the Third Cause of Action for FMLA retaliation should be dismissed.

### B. The Amended Complaint Does Not Plausibly Establish That Plaintiff Complained Of Disability Discrimination

In addition to retaliation for taking FMLA leave, the Amended Complaint's Third Cause of action claims that Plaintiff was retaliated against for complaining about disability discrimination. The fatal flaw in this cause of action is that Plaintiff did not engage in protected activity.

For activity to be protected, "[t]he onus is on the speaker to clarify to the employer that [s]he is complaining of unfair treatment due to [her] membership in a protected class and that [s]he is not complaining merely of unfair treatment generally." *Medina v. AAM 15 Management LLC*, 2024 WL 4307816, at *12 (S.D.N.Y. Sept. 26, 2024); *accord Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 108 (2d Cir. 2011)("any complaints Rojas made were generalized and therefore the Diocese could not reasonably have understood that she was complaining of conduct prohibited by Title VII." (internal quotation omitted)). *See also Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 313 (N.Y. 2004)(rejecting NYSHRL and NYCHRL retaliation claims because the plaintiff "filed numerous grievances claiming generalized 'harassment,' [but] never alleged that she was discriminated against because of race") *Brunache v. MV Transp. Inc.*, 151 A.D.3d 1011, 1014 (2d Dep't 2017)(dismissing the plaintiff's retaliation claim as he "failed to allege that he complained about statutorily prohibited discrimination, as opposed to general complaints about MVT's treatment of its employees").

6

The Amended Complaint here alleges that Plaintiff complained that her "mental health" was suffering due to her untenable workload (Am. Cplt. ¶¶ 35-40; 41) and that she presented the HR Manger with a request for an accommodation. (Am. Cplt. ¶ 59). Nowhere in the Amended Complaint is there any factual allegation that Plaintiff complained to Stavlas or HR (or anyone else) that she was being discriminated against because of a disability (or any other protected basis). As complaints of dissatisfaction with workload do not qualify as protected activity under any of the laws at issue, Plaintiff's retaliation claims cannot withstand scrutiny and should be dismissed. [6]

## II. The Court Should Dismiss Plaintiff's Second Cause Of Action For Race Discrimination Because Plaintiff Does Not Identify Her Race, Nor Does She Plead Facts Raising An Inference That She Was Treated Unfairly Because Of Her Race

The Second Cause of Action purports to assert claims of race discrimination under 42 U.S.C. § 1981, Title VII and the New York State and City Human Rights Laws. To survive a motion to dismiss in the absence of direct evidence – and no such evidence is alleged here – "what must be plausibly supported by facts alleged in the complaint is that the plaintiff [(1)] is a member of a protected class, [(2)] was qualified, [(3)] suffered an adverse employment action, and [(4)] has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Buon v. Spindler*, 65 F.4th 64, 79 (2d Cir. 2023)(citation cleaned up)

The Amended Complaint before the Court does not allege facts plausibly supporting the inference that Plaintiff is a member of a protected class. Plaintiff alleges that "[s]he is ethnically

---

[6] In *Stanley v. City Univ., supra,* at n.8, the district court held that plaintiff's email that working in an area where construction work was happening that was compromising his health, was a complaint about working conditions and not protected activity. "Although Stanley's alleged disability and resulting 'compromised immunity,' were a basis for his complaint, the complaint was not an 'action taken to protest or oppose statutorily prohibited discrimination' and did not give a specific indication that he was protesting discrimination. In other words, Stanley's email complained about his working conditions, in the context of his alleged disability, rather than complaining about discrimination based on the disability." (quotation cleaned up)

7

Brazilian, i.e., she is a non-white, non-Hispanic minority of Brazilian descent." (Am. Cplt. ¶ 10). But identifying two of the races she is not, is insufficient.[7] Omitting one's race from the allegations of the complaint requires dismissal for failure to state a claim. For example, in *Catano v. VR District Ltd. Partnership*, 2020 WL 13827613, at *2 (M.D. Fla. July 24, 2020), plaintiffs identified themselves as "non-white" and alleged they were denied rental housing because they were Peruvian. On defendant's motion, the court dismissed the amended complaint:

> Plaintiffs now scatter references to race throughout the FAC by meshing "national origin/race" together. But again, they fail to provide factual allegations supporting their claim that Defendants discriminated against them based on their race. In fact, they fail to even identify their races as anything other than non-white. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Once more, Plaintiffs have failed to show how their claim is cognizable under 42 U.S.C. § 1981 and therefore Count IV is dismissed with prejudice. (Citation cleaned up).

Courts in this district also dismiss race discrimination claims when the complaint does not identify the plaintiff's race. *See, e.g.*, *Williams v. Plaza Rehab. and Nursing Ctr.*, 2023 WL 11892331, at * 3 (S.D.N.Y. Dec. 18, 2023), *report and recommendation adopted* 2024 WL 33835642 (S.D.N.Y. July 12, 2024)(dismissing Title VII complaint that does not identify plaintiff's race); *Smith v. J.P. Morgan Chase Bank, N.A.*, 2022 WL 3587550 at *2 (S.D.N.Y. Aug. 22, 2022)(dismissing race discrimination claim because plaintiff did not allege facts identifying her race); *Jackson v. New York State Dep't of Labor,* 709 F. Supp. 2d 218, 227 (S.D.N.Y. 2010)(same); *see also, Kostic v. United Parcel Service, Inc.*, 532 F. Supp. 3d 513, 523 (M. D. Tenn. 2021)("Plaintiff does not define, identify, or explain what the 'Eastern European'

---

[7] The "Definition of Race and Ethnicity Categories" in the EEOC's 2023 EEO-1 Component 1 Data Collection Instruction Booklet, Appendix B, which includes in at least six: (i) Hispanic or Latino, (ii) White, (iii) Black or African American, (iv) Native Hawaiian or Other Pacific Islander, (v) Asian, and (vi) American Indian or Alaska Native. Plaintiff's self-identification as "a non-white, non-Hispanic minority of Brazilian descent" does not suggest any of these races.

8

race is and what its features are that make it a distinct race … Therefore "the Court finds as a matter of law that 'Eastern European' is not a 'race' for purposes of Title VII or Section 1981"); *Carrillo v. Illinois Bell Tel. Co.*, 538 F. Supp. 793, 797 (N.D. Ill. 1982)(dismissing race discrimination claim under § 1981 where complaint alleges that plaintiff is Hispanic but "never identifies her race or asserts any other facts indicating her racial background.")

In addition to identifying a cognizable race, to survive a motion to dismiss, the plaintiff must plausibly allege that that race played a role in the loss of a legally protected right. *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1015 (2020). A plaintiff must have "at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn v. City of New York,* 795 F.3d 297, 311 (2d Cir. 2015) The essence of the claim here is that Plaintiff was retaliated against for taking time off from work. Plaintiff does not accuse anyone of making race-based comments or allege any other facts from which it may plausibly be inferred that were she not Brazilian, she would not have suffered the alleged adverse actions.[8]

A plaintiff can raise an inference of discriminatory intent "by showing that the employer subjected [her] to disparate treatment, that is, treated [her] less favorably than a similarly situated employee outside [her] protected group." *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000). Whether two employees are similarly situated "must be judged based on (1) whether the plaintiff and those [she] maintains were similarly situated were subject to the same workplace

---

[8] The Amended Complaint asserts that "Upon information and belief, Defendant Stavlas wanted Plaintiff out of the company and withheld work to make her appear dispensable in an act of retaliation for being … a non-white employee who dared to take time off." (Am. Cplt. ¶ 55) Plaintiff's subjective perception of Stavlas's motivation is not enough to state a claim unless she also alleges facts that render it plausible. *See*, *Gates v. City of New York,* 2021 WL 3774189, at *6 (S.D.N.Y. Aug. 25, 2021)(JPC).

9

standards and (2) whether the conduct for which the employer imposed discipline was of comparable seriousness." Id.  Plaintiff's bald assertion that she "learned that employees of color were expected to work more and work harder than their white counterparts, and that any time off they took off from work was met with anger and resentment," (Am. Cplt. ¶ 17) is too vague conclusory to create a plausible inference of discrimination.  Plaintiff does not identify her "white counterparts" or provide any information from which it may be inferred that they were similarly situated to her.  *See*, *Soto v. Marist College*, 2019 WL 2371713, at *5 (S.D.N.Y. June 5, 2019)(general allegation that "less qualified Caucasian instructors continue[d]" to work after the plaintiff's termination was "not sufficiently specific to state a claim"); *Sutter v. Dibello,* 2019 WL 4195303 at *4, *21 (E.D.N.Y. Aug. 12, 2019)(dismissing NYCHRL claim noting the "attempt to connect the [d]efendants' actions to [p]laintiff's sex or race is inherently conclusory" as she merely alleged "non-white females" were subject to different scrutiny), *report and rec. adopted,* 2019 WL 4193431 (E.D.N.Y. Sept. 4, 2019)*; cf. Sanders v. Grenadier Realty Inc.*, 367 F. App'x 173, 175 (2d Cir. 2010)(affirming dismissal of housing discrimination claim alleging "non-black" individuals were granted subsidies that the black plaintiffs were denied, because the plaintiffs failed to "allege any facts supporting an inference of racial animus").

Because Plaintiff fails to plead facts that plausibly support even a minimal inference of discriminatory intent based on race, the Court should dismiss her second cause of action for race discrimination.

**III.    The Court Should Dismiss Plaintiff's Claim Of Disability Discrimination (First Cause Of Action) And Retaliation For Complaining About Disability Discrimination (Third Cause Of Action) Because The Complaint Does Not Plausibly Allege That Plaintiff Was Disabled, That She Complained About Disability Discrimination, That She Requested An Accommodation For A Disability, Or That She Suffered An Adverse Action Because Of A Disability**

To support an inference of disability discrimination, Plaintiff needs to plausibly allege that (1) her employer is subject to the ADA; (2) she was disabled within the meaning of the ADA; (3) she was otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and (4) she suffered adverse employment action because of her disability. To support a failure-to-accommodate claim, she must plausibly allege the first three factors, and also that the employer refused to make a reasonable accommodation. *Patel v. NYU Langone Hosp.,* 2021 WL 4852426, at *2 (2d Cir. Oct. 19, 2021)

Not all medical conditions qualify as disabilities under the ADA. To be disabled within the meaning of the ADA, a condition must substantially limit one or more major life activity. *Johnson v. L'Oreal USA*, 2023 WL 2637456, at *5 (2d Cir. Mar. 27, 2023) The Amended Complaint alleges at the outset that Plaintiff was "diagnosed with Bipolar Disorder, Depression, Generalized Anxiety Disorder and ADHD" (Am. Cplt. ¶ 2) and then concludes, sixty-eight paragraphs later, that she "suffers from one or more disabilities, as that term is defined by the ADA …" (Am. Cplt. ¶ 70). But these are labels and legal conclusions, not factual allegations that render the claim plausible.

In *Patel*, *supra,* the *pro se* plaintiff alleged that he had "a variety of medical conditions, including ear, eye, dental, knee, shoulder, back and sciatica problems," yet the Court affirmed dismissal because "[a]s pleaded … these are insufficient to support an inference of disability within the meaning of the ADA." 2021 WL 4852426, at *3. Likewise, in *Mamatkulov v. City University*, 2022 WL 2392433, at *2 (S.D.N.Y. July 1, 2022)(JPC), this Court rejected a

11

complaint of disability discrimination premised on the allegation that the plaintiff "is a disabled person" because that is merely a legal conclusion that was unsupported by any factual allegations concerning the plaintiff's physical and/or mental impairments and how they limited his life activities.

Plaintiff has already amended her complaint yet still fails to allege facts that render her disability discrimination claims plausive.  The omission of factual assertions from which it plausibly may be concluded that one or more of her condition(s) substantially limits one or more major life activity, requires dismissal of her ADA disability discrimination claims and failure to accommodate claims.  See, e.g., *Kitchen v. Phipps Houses Grp. of Cos.,* 380 Fed. App'x 99, 100-01 (2d Cir. 2010)(granting motion to dismiss because "although Kitchen alleges various health and maintenance problems," he "does not even identify his disability")*; Ray v. Weit,* 2015 WL 1299198, at *6 (E.D.N.Y. Mar. 20, 2015)(Plaintiff's complaint identifies vision, feet and asthma as her disabilities, but does not allege facts regarding the manner or duration of her alleged conditions.  Therefore, Plaintiff's pleadings are not sufficient to give rise to a plausible ADA claim.).

Assuming that one or more of Plaintiff's medical conditions qualify as a disability under the ADA,[9] the Amended Complaint fails to state a claim because it does not allege facts that plausibly support her contention that she was treated less preferably that similarly-situated non-disabled employees, subjected to severe and pervasive harassment, or terminated because of her disability.  Plaintiff does not allege that any disability-related comments were made to or about her, nor does she identify any non-disabled similarly situated employee that was treated more favorably.

---

[9] NYSHRL has a broader definition of disability but otherwise has the same requirements of proof as the ADA.

Plaintiff refers to events well outside the statute of limitations period for ADA or state law claims, and these events belie the claims that she was discriminated against for unlawful reasons. For example, Plaintiff alleges that after her return from vacation in September 2019 she was assigned nearly 35% of the projects assigned in the month of October, a significantly higher percentage than her coworkers. (Am. Cplt. ¶ 20) She also claims that in September 2019, her manager reprimanded her for failing to attend a meeting. (Am. Cplt. ¶ 21) Assigning work and issuing reprimands do not amount to severe and pervasive harassment. Further, events in 2019 are far outside even the three-year statute of limitations period of the NYSHRL. Finally, the Amended Complaint offers no facts to plausibly connect the "harassment" to any disability because Plaintiff alleges that she was overworked and rebuked because she took a vacation in September 2019 (Am. Cplt. ¶ 20), not because she was disabled or requested for an accommodation. And there is no basis for alleging a continuing violation because in 2020 and 2021, Plaintiff received positive reviews and no negative feedback. (Am. Cplt. ¶ 24)[10]

Accordingly, the Court should dismiss Plaintiff's disability discrimination and failure to accommodate claims as well.

---

[10]  The allegation that "Stavlas unduly criticized Plaintiff in her 2022 performance review" (Am.Cplt. ¶ 61) lacks the specificity necessary to establish an adverse action. See *Stanley v. City University of New York,* 2023 WL 2714181, at * 16 (S.D.N.Y. Mar. 30, 2023)(dismissing FMLA retaliation claim based on a "very biased and negative performance evaluation" because the complaint "lacks specific, nonconclusory allegations that this evaluation negatively impacted [the plaintiff's] employment. As reviewed above, the SAC does not, for example, plausibly allege that the evaluation caused Stanley to be excluded from the hiring process and passed over for various positions."), *aff'd sub nom. Stanley v. Phelon,* 2024 WL 1453872 (2d Cir. Apr. 4, 2024).

**IV.     Plaintiff's Claims Under The NYCHRL Should Be Dismissed Because She Does Not Allege That She Worked In New York City During The Relevant Period**

Plaintiff does not allege where she resides or worked. However, beginning with the onset of the Covid pandemic in March 2020, and continuing thereafter until her separation in 2023, Plaintiff had worked from her home in Poughkeepsie, New York and, therefore was not covered by the NYCHRL. The NYCHRL has a three-year statute of limitations. Plaintiff commenced this action on June 25, 2024, yet none of the alleged conduct since June 2021 had an impact in New York City. Accordingly, she cannot state a claim under the NYCHRL. See *Hoffman v. Parade Pub.,* 15 N.Y.3d 285, 289 (2010)("nonresidents of the city and state must plead and prove that the alleged discriminatory conduct had an impact within those respective boundaries."); *Murray v. Brag Sales Inc.*, 2024 WL 4635479, at * 2 (S.D.N.Y. Oct. 31, 2024)(the protections of the NYCHRL apply only to those who work in New York City).

## CONCLUSION

For all the foregoing reasons, and as Plaintiff has already been given an opportunity to cure these deficiencies in her claims and failed to do so, the Court should dismiss the Amended Complaint, with prejudice.

Dated:  December 4, 2024                                     Respectfully submitted,
        Rye, New York

                                                              /s/ *Andrew P. Marks*
                                                              Andrew P. Marks
                                                              David S. Warner

                                                             **DORF NELSON & ZAUDERER LLP**
                                                             555 Theodore Fremd Avenue
                                                             Rye, New York 10580
                                                             (914) 381-7600
                                                             amarks@dorflaw.com
                                                             dwarner@dorflaw.com
                                                             *Attorneys for Defendants*