UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KETYA BAXTER,<br><br>        Plaintiff,<br><br>   -against-<br><br>HF MANAGEMENT SERVICES, LLC and JOHN STAVLAS,<br><br>        Defendants. | 24-cv-05762 (JPC) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT IN WHOLE OR IN PART**

*Of Counsel:*
  Andrew P. Marks, Esq.
  David S. Warner, Esq.

**DORF NELSON & ZAUDERER LLP**
555 Theodore Fremd Avenue
Rye, New York 10580
(914) 381-7600
amarks@dorflaw.com
dwarner@dorflaw.com

*Attorneys for Defendants*

# TABLE OF CONTENTS

I. The SAC still does not contain factual content that allows the Court to draw the reasonable inference that FMLA leave was a factor in any employment action ................................................................................... 1

II. The SAC still does not contain factual content from which the Court may draw the reasonable inference that Plaintiff had a disability that substantially limits a major life activity, or that there is a causal connection between any claimed disability and any adverse employment action ............................................................................. 3

III. The SAC still does not contain factual content from which the Court may draw the reasonable inference that Plaintiff complained of disability discrimination ................................................................................................. 5

IV. The SAC still does not contain factual content from which the Court may draw the reasonable inference of racial discrimination ..................................... 7

V. The SAC still does not contain factual content from which the Court may draw the reasonable inference that the alleged discriminatory conduct had an impact in the City of New York .................................................................. 9

CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Adams v. N.Y.S. Unified Ct. Sys.*,
   2023 WL 5003593 (S.D.N.Y. Aug. 4, 2023) ................................................................5

*Alexander v. Bd. of Educ.*,
   107 F. Supp. 3d 323, 329 (S.D.N.Y. 2015) ................................................................1

*Cain v. Mandl College of Allied Health*,
   2017 WL 2709743 (S.D.N.Y. June 22, 2017) .........................................................1, 4

*Capobianco v. City of New York*,
   422 F.3d 47 (2d Cir. 2005) .........................................................................................3

*Catano v. VR District Ltd. P'ship.*,
   2020 WL 13827613 (M.D. Fla. July 24, 2020) ..........................................................7

*Desiderio v. Hudson Tech., Inc.*,
   2023 WL 185497 (S.D.N.Y. Jan. 13, 2023) ...............................................................1

*Earl v. Good Samaritan Hospital of Suffern NY*,
   625 F. Supp. 3d 292 (S.D.N.Y. 2022) ........................................................................3

*Fasanello v. United Nations Int'l Sch.*,
   2022 WL 861555 (S.D.N.Y. Mar. 23, 2022) ..............................................................7

*Garcia v. Kings County Hosp. Ctr.*,
   2018 WL 389212 (S.D.N.Y. Jan. 11, 2018) ...............................................................6

*Graziadio v. Culinary Inst. of Am.*,
   817 F.3d 415 (2d Cir. 2016) .......................................................................................1

*Ingram v. Papa John's Intern., Inc.*,
   171 Fed. Appx. 439 (5th Cir. 2006) ...........................................................................9

*Johnson v. Long Island Univ.*,
   58 F. Supp. 3d 211 (E.D.N.Y. 2014) ..........................................................................2

*Jordan v. City of New York*,
   2024 WL 4872186 (S.D.N.Y. Nov. 22, 2024) ............................................................6

*Koonce v. Whole Foods Mkt. Group, Inc.*,
   2023 WL 8355926 (S.D.N.Y. Dec. 1, 2023) ..............................................................4

*Kraiem v. Jones Trading Inst. Serv. LLC*,
   492 F. Supp.3d 184 (S.D.N.Y. 2020) .......................................................................10

*Lobos v. Aeromexico*,
   1978 WL 180 (S.D.N.Y. July 5, 1978) .......................................................................9

*Medina v. AAM 15 Mgt. LLC*,
   2024 WL 4307816 S.D.N.Y. Sept. 26, 2024) .............................................................6

*Millea v. Metro-North R. Co.*,
 658 F.3d 154 (2d Cir. 2011) ...........................................................................................2

*Nadesan v. Citizens Financial Group*,
 673 Fed.Appx. 47 (2d Cir. 2016) .....................................................................................8

*Saint Frances College v. Al-Khazraji*,
 481 U.S. 604 (1987) .........................................................................................................8

*Scarville v. Living Resources Corp.*,
 2022 WL 4365863 (N.D.N.Y. Sept. 21, 2022) ................................................................7

*Smith v. J.P. Morgan Chase Bank, N.A.*,
 2022 WL 3587550 (S.D.N.Y. Aug. 22, 2022) .................................................................7

*Trotter v. Nat'l Football League,*
 737 F. Supp. 3d 172 (S.D.N.Y. June 12, 2024) ...............................................................9

*Village of Freeport v. Barrella*,
 814 F.3d 594, 604-06 (2d Cir. 2016) ...............................................................................8

*Zuckerman v. GW Acquisition LLC*,
 2021 WL 4267815 (S.D.N.Y. Sept. 20, 2021) .................................................................4

Defendants HF Management Services, LLC ("Healthfirst") and John Stavlas submit this reply memorandum of law in further support of their motion to dismiss the Second Amended Complaint ("SAC"), in whole or in part.[1]

In response to Healthfirst's motion to dismiss the complaint for failure to state a claim, Plaintiff filed a Second Amended Complaint ("SAC") (Dkt. No. 24), adding only conclusory and/or immaterial allegations rather than factual content from which the Court is able to draw the reasonable inference that the Defendant is liable for the misconduct alleged. Therefore, for the reasons set out in Healthfirst's motion papers, the claims should be dismissed. And because Plaintiff has had multiple opportunities to submit an adequate pleading, the dismissal should be with prejudice.[2]

**I. The SAC still does not contain factual content that allows the Court to draw the reasonable inference that FMLA leave was a factor in any employment action.**

To state a claim of FMLA retaliation, Plaintiff must allege that she suffered a materially adverse employment action under circumstances suggesting retaliatory intent. *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 429 (2d Cir. 2016). Plaintiff does not dispute Defendant's contention that the temporal proximity between her FMLA and her layoff is too great to create an inference of a retaliatory nexus. *See Desiderio v. Hudson Tech., Inc.*, 2023 WL 185497 at *5 (S.D.N.Y. Jan. 13, 2023); *Alexander v. Bd. of Educ.*, 107 F. Supp. 3d 323, 329 (S.D.N.Y. 2015). Instead, she advances the ludicrous contention that retaliation began immediately upon her return

---

[1] Defendant John Stavlas still has not been served with the Summons and Complaint and preserves all defenses based on lack of personal jurisdiction. Because more than 90 days have elapsed since this matter was removed to federal court, the complaint against Stavlas should be dismissed pursuant to Federal Rule Civil Procedure 3(m).

[2] See *Cain v. Mandl College, supra* at 5 (dismissing pro se complaint with prejudice, holding: "The Court has granted Plaintiff two opportunities to amend her complaint and she has failed to cure the deficiencies. Accordingly, the SAC is dismissed with prejudice.") Plaintiff is not pro se and her complaint is held to a higher standard.

1

from FMLA leave because she was "underworked." (Pl. Mem. 13) File this one under "no good deed goes unpunished."

Less work is precisely what Plaintiff wanted and what her doctor required in his fitness for work certification. (Am. Cplt. ¶ 49 (Plaintiff told Stavlas that "she needed the reasonable accommodation of working fewer hours.")); (Am. Cplt. ¶ 59 (Plaintiff's doctor recommended that she "not be forced to work outside of the regular business hours of 9 am to 5 pm.")).[3] An FMLA retaliation claim requires proof of a *materially* adverse action, *i.e.*, one that is likely to dissuade a reasonable worker in the plaintiff's position from exercising their FMLA rights. *Millea v. Metro-North R. Co.,* 658 F.3d 154, 164 (2d Cir. 2011) It is implausible to argue that granting a request for reduced hours while maintaining the prior pay and benefits, would dissuade a reasonable worker from taking an FMLA leave.[4]

Plaintiff speculates that underworking her "caused Defendants to deem her role as redundant and to eliminate her job," (Pl. Mem. 13) but the SAC contains no factual allegations from which to draw such an inference. Rather, the SAC alleges that Plaintiff and her two co-workers – neither of whom took an FMLA leave – had their positions consolidated into one new Marketing Operations Specialist position. (Am. Cplt. ¶ 66) Because there are no facts connecting Plaintiff's FMLA leave to any materially adverse employment action, the Third Cause of Action for FMLA retaliation should be dismissed.

---

[3] On a motion to dismiss, the Court may consider documents referred to or incorporated in the complaint. The Fitness for Duty Certification, is incorporated at SAC ¶ 59.

[4] Plaintiff complains that upon her return she was assigned only 10 of the simplest projects. (Am. Cplt. ¶ 54) However, she does not allege that these projects were outside of her job responsibilities. "Where assignments fall within the duties of a plaintiff's position, receiving unfavorable schedules or work assignments does not, without more, rise to the level of an adverse employment action." *Johnson v. Long Island Univ.*, 58 F. Supp. 3d 211, 224 (E.D.N.Y. 2014)(citation cleaned up).

**II. The SAC still does not contain factual content from which the Court may draw the reasonable inference that Plaintiff had a disability that substantially limits a major life activity, or that there is a causal connection between any claimed disability and any adverse employment action.**

The ADA defines disability as a condition that substantially limits a major life activity. "[T]here are two requirements: the impairment must limit a major life activity and the limitation must be substantial." *Capobianco v. City of New York*, 422 F. 3d 47, 56 (2d Cir. 2005). "[T]o sufficiently allege that an impairment interferes with a major life activity, a plaintiff must elaborate on whether the alleged impairment interfered with his alleged major life activity 'during the period of alleged discrimination by Defendants.' Further, the plaintiff's allegations must contain sufficient factual support for his or her purported limitations, such as describing in some 'detail the frequency, duration, or severity of his or her limitations.'" *Earl v. Good Samaritan Hospital of Suffern NY*, 625 F. Supp. 3d 292, 304 (S.D.N.Y. 2022)(Roman, J.)(granting 12(b)(6) motion to dismiss).

Defendant moved to dismiss Plaintiff's ADA claims because her complaint merely mentioned diagnosed conditions and concluded that she suffers from one or more disabilities as defined by the ADA. Plaintiff's memorandum in opposition ignored the cases cited by Defendant (Def. Mem. at 11-12) where courts dismissed claims making similar conclusory assertions, and contended that a substantial limitation on thinking is inherent in every ADHD diagnosis. (Pl. Mem. 5)[5] But that's nonsense! And the quotations offered by Plaintiff do support that remarkable assertion.

Plaintiff's subsequently filed SAC adds a paragraph presumably to meet the factual allegation requirement, but her addition is just another conclusion:

---

[5] Plaintiff's memorandum in opposition did not discuss whether her other alleged diagnosed conditions are *de jure* disabilities.

> 37. Plaintiff has been diagnosed with Bipolar Disorder, Depression, Generalized Anxiety Disorder, and ADHD. Each of these conditions substantially limits one or more of Plaintiff's major life activities. Specifically, Bipolar Disorder and Depression substantially limit the major life activity of brain functioning; Generalized Anxiety Disorder substantially limits the major life activities of the autonomic nervous system and respiration; and ADHD substantially limits executive functioning, impulse control, and interpersonal relationships.

Other Judges of this court have found similar conclusory allegations insufficient to allege an ADA covered disability. In *Zuckerman v. GW Acquisition LLC*, 2021 WL 4267815 at *11 (S.D.N.Y. Sept. 20, 2021), Judge Caproni dismissed an ADA claim, holding:

> [A] diagnosis, standing alone, establishes only that Plaintiff has an impairment; it does not establish that any major life activity is limited by that impairment…. Plaintiff also asserts that her anxiety "substantially interferes with her ability to sleep, concentrate, think, and interact with others," *see* FAC ¶ 104 … [but] Plaintiff's allegations in those two paragraphs are conclusory. Paragraph 104 is a formulaic recitation of a few major life activities taken from EEOC's list.

Similarly, in *Koonce v. Whole Foods Mkt. Group, Inc.*, 2023 WL 8355926 at *4 (S.D.N.Y. Dec. 1, 2023), Judge Bricetti granted defendant's motion to dismiss an ADA claim, explaining:

> Plaintiff also alleges his concussion "substantially limited one or more of Plaintiff's major life activities within the meaning of" the ADA, including "thinking, concentrating, and maintaining balance." (Am. Compl. ¶ 32). But this allegation is a bare recital of the statutory definition of disability without reference to any specific factual allegations of a substantial limitation to a major life activity.

*See also*, *Cain v. Mandl College of Allied Health,* 2017 WL 2709743 at * 4 (S.D.N.Y. June 22, 2017)(Ramos, J.)(dismissing ADA claim because SAC "fails to explain the extent to which any major life activity has been substantially limited by her PTSD.") Here too, Plaintiff's formulaic recitation of limitations is insufficient to plausibly establish that she has a disability within the meaning of the ADA. Accordingly, her ADA disability discrimination claim should be dismissed.

Defendants acknowledged that the definition of a disability under the NYHRL does not require a showing of substantial limitation, but the SAC nevertheless fails to state a claim under that statute (or under the ADA or NYCHRL) because the SAC does not plausibly allege that Defendant was aware of Plaintiff's condition(s), let alone, that Plaintiff was treated less preferably than similarly-situated non-disabled employees because of her conditions. Plaintiff does not allege that any disability-related comments were made to or about her, nor does she identify any non-disabled similarly situated employee who received more favorable treatment. Indeed, Plaintiff claims that she was treated the same as her co-workers and that there is no allegation that they were disabled. *Cf. Adams v. N.Y.S. Unified Ct. Sys.*, 2023 WL 5003593 at * 3 (S.D.N.Y. Aug. 4, 2023)(dismissing disparate treatment claim when the plaintiff "fails to allege any appropriate comparators" as the employees she referenced were all members of "the same protected class"). Accordingly, the Court should dismiss Plaintiff's NYSHRL disability claims.

### III. The SAC still does not contain factual content from which the Court may draw the reasonable inference that Plaintiff complained of disability discrimination.

In addition to claiming FMLA retaliation, Plaintiff's scattershot Third Cause of Action claims retaliation for "engag[ing] in the protected activity of complaining to Defendant Healthfirst about the disability discrimination to which she was subjected." (SAC. ¶ 87) But the SAC contains no factual allegation of Plaintiff making a complaint of disability discrimination. The SAC only alleges that Plaintiff told Healthfirst that her mental health was suffering due to her untenable workload. (SAC ¶¶ 40-44; 48) Complaints of dissatisfaction with workload do not qualify as protected activity under any of the laws at issue. Accordingly, Plaintiff's retaliation claims should be dismissed.

Plaintiff's opposition brief does not challenge Defendants' argument. Instead, she changes course, arguing Defendants retaliated, not because she complained of discrimination, but

because she requested an accommodation for her disabilities. (Pl. Mem. 14) However, despite being argued in her brief, this new cause of action is not asserted in the subsequently filed SAC. (SAC ¶ 87) Nor should a third amendment be permitted to assert such a claim. First, requesting a disability accommodation is not protected activity under the NYSHRL. *Jordan v. City of New York*, 2024 WL 4872186 at *2 (S.D.N.Y. Nov. 22, 2024); *Medina v. AAM 15 Mgt. LLC*, 2024 WL 4307816 at *8 (S.D.N.Y. Sept. 26, 2024).

Requesting an accommodation is also protected activity under NYCHRL but Plaintiff was living and working outside of New York City when she supposedly requested an accommodation in August 2022. (See SAC ¶¶ 12, 39-40). Therefore, NYCHRL would not apply to the alleged request for an accommodation.

Requesting an accommodation also is protected activity under the ADA, but the SAC's conclusory allegation that "Plaintiff sought accommodations for her disabilities" (SAC ¶ 39) is not a factual assertion that this Court must accept as true, nor from which it may draw the reasonable inference that Plaintiff actually made such a request.[6] The SAC does not allege what disability Plaintiff reported to Healthfirst, nor does it explain what accommodation Plaintiff sought for that disability or whether the accommodation requested was reasonable. Moreover, the Fitness for Duty Certification submitted with Plaintiff's return from FMLA, does not request an accommodation for a disability. The note merely states that her "schedule should be normal work hours (9 AM [to] 5 PM) only with adequate breaks throughout the day. Supervisory expectations should be extremely clear and specific. Duration of those restrictions should be

---

[6] *Garcia v. Kings County Hosp. Ctr.,* 2018 WL 389212 at *6 (S.D.N.Y. Jan. 11, 2018)(Ramos, J.)(Dismissing ADA retaliation claim where Plaintiff's "single statement that she attempted to get a reasonable accommodation is conclusory at best—she does not provide any factual allegations of how or when she requested an accommodation or what accommodation she requested.")

indefinite/long term." Because Plaintiff does not identify the medical condition that constitutes her disability, her SAC does not allege facts plausibly suggesting that she requested a reasonable accommodation for a disability. See *Scarville v. Living Resources Corp.*, 2022 WL 4365863 at *9 (N.D.N.Y. Sept. 21, 2022)(granting motion to dismiss failure to accommodate and retaliation claims).

Furthermore, the SAC sets forth no factual allegation plausibly connecting an accommodation request to an adverse employment action. [7] Accordingly, yet another amendment to the complaint to assert an ADA and/or NYCHRL retaliation claim based on requesting an accommodation, would be futile and should be denied.

**IV. The SAC still does not contain factual content from which the Court may draw the reasonable inference of racial discrimination.**

Omitting one's race from a complaint of race discrimination requires dismissal for failure to state a claim. *Smith v. J.P. Morgan Chase Bank, N.A.*, 2022 WL 3587550 at *2 (S.D.N.Y. Aug. 22, 2022)(dismissing race discrimination claim because plaintiff did not allege facts identifying her race); *Catano v. VR District Ltd. P'ship*, 2020 WL at *2 13827613 (M.D. Fla. July 24, 2020)(dismissing § 1981 complaint that only identified plaintiffs' race as non-white).

Plaintiff's SAC does not correct this obviously intentional flaw and relies on the allegation that Plaintiff is non-white and ethnically Brazilian. (SAC ¶¶ 10, 82). She argues that her ethnicity is synonymous with race "because our shared concept of race has changed since 1865 when Section 1981 was passed." (Pl. Mem. 10) But race and ethnicity remain separate concepts, socially and legally.

---

[7] "[T]aking FMLA leave is not a 'protected activity' under the NYCHRL." *Fasanello v. United Nations Int'l Sch.*, 2022 WL 861555, at *15 (S.D.N.Y. Mar. 23, 2022)(Woods, J)

7

Race is a social construct that has historically been used to classify human beings according to physical or biological characteristics. Ethnicity is something a person acquires or ascribes to and refers to a shared culture, such as language, practices, and beliefs. Undeniably, federal courts have accepted that certain ethnic groups (e.g., Hispanics, Jews) comprise a distinct race for purposes of Section 1981. See *Village of Freeport v. Barrella*, 814 F.3d 594, 604-06 (2d Cir. 2016). But not every ethnic group constitutes a separate race. Many Minnesotans have different language, practices and beliefs than many New Yorkers, but Minnesotan is not a race protected by Section 1981.

The Supreme Court in *Saint Frances College v. Al-Khazraji*, 481 U.S. 604, 613 (1987), explained that §1981 was intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics. The SAC does not allege that non-white Brazilians have been subjected to discrimination solely because of their ancestry, nor does it identify any language, practices, and beliefs concentrated among non-white Brazilians. Plaintiff's discrimination claim falls within national origin – which is not protected by Section 1981 - rather than race, and is controlled by *Nadesan v. Citizens Financial Group*, 673 Fed.Appx. 47, 49 (2d Cir. 2016):

> Nadesan first argues his complaint adequately pleads a claim for race discrimination within the meaning of § 1981. Section 1981 provides a cause of action for discrimination on the basis of race, which includes "ancestry or ethnic characteristics," but not for discrimination based "solely on the place or nation of [the plaintiff's] origin." *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987). Nadesan's complaint repeatedly asserts that he is a "Singapore National," and that he was treated differently from his coworkers on this basis. The complaint does not, however, allege facts that if true would establish that any different treatment was based on Nadesan's race, ethnicity, or ancestry as opposed to his nation of origin. Although we are sensitive to the potential overlap among these categories in the § 1981 context, we agree with the district court: Nadesan's complaint does not state a claim for race discrimination within the meaning of § 1981.

*Cf. Ingram v. Papa John's Intern., Inc.* 171 Fed. Appx. 439, 441 (5th Cir. 2006)(plaintiffs fail to state claim under 42 U.S.C. § 1981 because allegation that Caucasian drivers were replaced by Brazilians is construed as national origin discrimination not race discrimination); *Lobos v. Aeromexico*, 1978 WL 180 at * 3 (S.D.N.Y. July 5, 1978)(dismissing Brazilian employee's §1981 claim because it is asserted as a national origin discrimination not race discrimination).

Furthermore, and in any event, the SAC offers no facts from which it may plausibly be inferred that Plaintiff's Brazilian race – if that be deemed a thing - played any role in the treatment she was given. The Court therefore should dismiss her second cause of action for race discrimination.

**V. The SAC still does not contain factual content from which the Court may draw the reasonable inference that the alleged discriminatory conduct had an impact in the City of New York.**

To state a claim under the NYCRL, a non-resident plaintiff must plead and prove that the alleged discriminatory conduct had an impact in New York City. *Trotter v. Nat'l Football League,* 737 F. Supp. 3d 172, 192 (S.D.N.Y. June 12, 2024). Defendant moved to dismiss Plaintiff's claims under the NYCHRL because the complaint did not allege where she lived or worked and Defendant had information and belief that Plaintiff resided and worked outside of New York City since March 2020.

Plaintiff's SAC adds the allegations that Plaintiff resided in New York City until around May 2022 when she moved to Poughkeepsie (although it does not allege where she worked) (SAC ¶¶ 11-12) Accepting that the truth of that factual contention does not alter the result. The essence of Plaintiff's complaint is that when she returned from scheduled PTO in July 2022 (SAC ¶ 29), her new manager Stavlas "rudely and unprofessionally brushed her off (SAC ¶ 30), deliberately ignored her (SAC ¶ 31), overloaded her with projects with demanding deadlines

(SAC ¶ 32) and forced her to work 80 to 90 hours per week (SAC ¶ 33). Plaintiff then went on an FMLA leave from October 31, 2022 to January 3, 2023 (SAC ¶ 55 and ¶ 58), and upon her return was "deliberately underwork[ed]" (SAC ¶ 59) and had her job eliminated in March 2023 (SAC ¶ 70). All of these events occurred when Plaintiff worked outside of New York City. Accordingly, the SAC does not contain factual content from which the Court may draw the reasonable inference that the alleged discriminatory contact had an impact in the City of New York such that the NYCHRL would apply. [8]

## CONCLUSION

For all the foregoing reasons, and as Plaintiff has already been given two chances to amend her complaint to cure the pleading deficiencies and failed to do so, the Court should dismiss the SAC, with prejudice.

Dated: January 29, 2024
      Rye, New York

Respectfully submitted,

/s/ *Andrew P. Marks*
Andrew P. Marks
David S. Warner

**DORF NELSON & ZAUDERER LLP**
555 Theodore Fremd Avenue
Rye, New York 10580
(914) 381-7600
amarks@dorflaw.com
dwarner@dorflaw.com
*Attorneys for Defendants*

---

[8] The allegation that "Plaintiff expressed enthusiasm for returning to work onsite at the office" (SAC ¶ 70) does not establish an impact in New York City given that there is no allegation that she sought or was denied an actual New York City opportunity. See *Kraiem v. Jones Trading Inst. Serv. LLC*, 492 F. Supp.3d 184, 199 (S.D.N.Y. 2020)(Carter, J.)("If impact can be shown by a mere hope to work in New York down the line, the flood gates would be open.")